Walton K. Harris *et al.*, plaintiffs in error, *vs.* The Western & Atlantic Railroad Company, defendant in error.

An injunction should not be granted on a bill which seeks to set aside a judgment and restrain an execution issued thereon, because the defendants were prevented from pleading a set-off to plaintiff's suit at law because counsel for the defendant in the bill, the plaintiff in the common law suit, induced the complainants to believe the common law suit was settled, when the plaintiff in judgment is entirely responsible and solvent, and can respond to any demand complainants have against it, and complainants are thus not remediless at law. If there were equity in the bill, this court would not control the discretion of the chancellor, where the facts were controverted and affidavits *pro.* and *con.* filed.

Equity. Judgments. Injunction. Before Judge Mc-Cutchen. At Chambers. Bartow county. June 1, 1877.

Reported in the opinion.

A. Johnson; Stansell & Wofford, for plaintiffs in error.

Warren Akin & Son ; Julius L. Brown, for defendant

Jackson, Judge.

This was a bill filed by the complainants to enjoin a judgment at law, and *fi. fa.* issued thereon, from being enforced on the property of the complainants.

The railroad company sued Harris, and Sayre and others as securities on the bond for the faithful discharge of duty by

Harris, as agent at Kingston. The suit was brought in 1874, and the judgment recovered in 1876—there being no issuable plea filed on oath—and the execution issued from said judgment was levied upon the property of Harris.

The bill alleged the foregoing facts, and stated that Harris did not owe the road when the judgment was obtained, but that the company owed Harris, on a fair settlement, some fourteen hundred dollars—that Harris would have filed a plea to set off this amount but was prevented by the fraud of John W. Wofford, the counsel of the road— that Wofford promised to try to settle the case with a warrant of seventeen hundred and forty-one dollars, which Harris was entitled to receive from the state, and induced Harris to give him the use of the warrant and authorize him, Wofford, to get the money on it—that he, Harris, did so to buy his peace and to save his securities harmless—expecting and requiring Wofford to get a receipt in full—that the receipt was not taken in full, and when Wofford's attention was called thereto, he said it did not matter, the case was settled—that hence no plea was made and the judgment was obtained. The prayer is for injunction, and to set aside the judgment. On the hearing there were affidavits and counter affidavits, and the receipt was in evidence before the chancellor, which was from Wofford for the sum mentioned in the bill, as paid on account of this case, but not one word in it about its being in settlement thereof.

The chancellor considering the whole case on the bill, answer and depositions, refused the injunction and ordered the *fi. fa.* to proceed for the amount found due thereon, and this is the error assigned.

There is nothing in the case to take it out of the ordinary rule that this court will not control the discretion of the chancellor in refusing an injunction on controverted facts. Besides, the railroad company is amply able to respond to any suit which Harris or the sureties may bring for the money due Harris, or alleged to be due to him, and his

failure to file the plea of set-off does not preclude Harris from suing. He is not remediless in the case, even if he was prevented by fraud from filing his plea. But it appears from the depositions of other counsel of the railroad company that they·warned him that the case was not settled, and that in conversations with him he admitted, after paying the warrant-money to Wofford, that it would take a nice calculation to fix the amount of his indebtedness.

In any view of the case, we are not disposed to interfere with the judgment of the chancellor. It appears to us to have been judiciously exercised in refusing the injunction, and the judgment must be affirmed.

Judgment affirmed.